# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY BURTON, ) | |
| Plaintiff, ) | Civil Action No. 13-197Erie |
| ) | |
| v. ) | District Judge Conti |
| ) | |
| MAXINE OVERTON, ) | Magistrate Judge Baxter |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Overton [ECF No. 15] be granted. The Clerk of Courts should be directed to close this case.

**II.  REPORT**

    **A.  Relevant Procedural History**

This civil action was filed in this Court on July 5, 2013.  Plaintiff, an inmate in state custody acting *pro se*, brought this civil rights action alleging that his constitutional rights were violated during the course of his medical treatment at SCI Albion.  As Defendants to this action, Plaintiff names only Maxine Overton, the Medical Supervisor. Plaintiff alleges that in her capacity as the Medical Supervisor, Ms. Overton approved injection of the drug Zoladex for Plaintiff's prostate cancer which left him sterile. Plaintiff also alleges that Overton "then denied

1

me a medical necessity after radiation treatment which led to medical malpractice, improper conduct and treatment." ECF No. 3, page 2.[1]

Defendant Overton has filed a motion to dismiss [ECF No. 15] and Plaintiff has filed a brief in opposition [ECF No. 18] as well as a document he captions as "Amendment and Amendment Violation/Malpractice" [ECF No. 19]. The pending motion to dismiss is ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard);

---

[1] This claim is similar to claims raised by Plaintiff at 11-299E, Burton v. Albion State Correctional Facility, et al, 12-72E, Burton v. Albion State Correctional Facility, et al, and 13-81E, Burton v. Overton, et al, all of which have been previously dismissed by this Court.

Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme

Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Deliberate indifference

Plaintiff complains that the medical treatment he received for his prostate cancer in October of 2010 violated his constitutional rights. See ECF No. 3.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference

4

on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr'al Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 34, 38 (3d Cir.1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 987 F.2d 103, 109 (3d Cir.1990).

Mere misdiagnosis or negligent treatment is not actionable under § 1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). See also White, 897 F.2d at 108 ("mere medical malpractice cannot give rise to a violation of the Eighth Amendment."). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) citing Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).

Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette County, 599 F .2d 533, 575 n. 2 (3d Cir.1979). Plaintiff's own complaint reveals that he received medical treatment. It is the treatment he received to which he objects and such a claim is not actionable under the Eighth Amendment.

Furthermore, Plaintiff has not made any allegation sufficient to factually support the personal involvement and/or acquiescence of Defendant Overton in the allegedly inadequate medical care. See Burtch, 662 F.3d at 221. When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). See also Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir.1988). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990).

Even if Plaintiff could factually support the personal involvement of Overton, he has failed to state a claim upon which relief may be granted. Non-medical prison officials, such as Defendant Medical Supervisor Overton, cannot be

> considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. [ ... ] If a prisoner is under the care of medical experts, a

> nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.
>
> Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [ ... ] will not be chargeable with [ ... ] deliberate indifference [under the Eighth Amendment].

Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) quoting Durmer, 991 F.2d at 69. In other words, a non-medical supervisory official may be held liable if there was "knowledge of malicious' and sadistic' medical mistreatment." Henderson v. Bussanich, 2006 WL 3761998, at *7 (M.D.Pa.), interpreting Spruill, 372 F.3d at 236-37. Furthermore, in her capacity as the Health Care Administrator or Medical Supervisor[2], Defendant Overton is not deliberately indifferent if she failed to respond to Plaintiff's medical complaints while he was under the care of medical professionals. See Spruill, 37 F.3d at 256. Overton's reliance on the opinion of medical professionals (even if Plaintiff grieved the alleged inadequacies in his medical treatment) does not legally indicate that she possessed "knowledge of malicious or sadistic medical mistreatment" so as to impose liability upon her. See Henderson, 2006 WL 3761998. Accordingly, the claims against Overton should be dismissed.

### D.     Futility of Amendment

In the present case, allowing Plaintiff an opportunity to amend his complaint under Federal Rule 15 would be futile for several reasons. First, Plaintiff's claims sound in malpractice and do not rise to the level of a constitutional violation for purposes of jurisdiction within the

---

[2] Further, it is the not responsibility of the Health Services Administrator to order the medical treatments sought by inmates. The responsibilities of the Health Services Administrator include managing the Health and Dental Departments of the prison, overseeing nursing staff, and overseeing independent contractors, such as PHS, Inc. See Josey v. Beard, 2009 WL 1858250 (W.D. Pa.).

7

federal courts. Hampton, 546 F.2d at 1081 ("Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts.").

Furthermore, Plaintiff's claims occurred in October of 2010, and as such, they are barred by the two-year statute of limitations. It is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims. Samerica Corp., Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). Thus, based on Pennsylvania's applicable statute of limitations, a § 1983 claim must be filed no later than two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451 (3d Cir. (Pa.) 1996). In this case, Plaintiff's original complaint was received by the Clerk of Courts on July 5, 2013. Thus, all claims based upon acts which occurred prior to July 5, 2011, are barred by the applicable statute of limitations.

Finally, Plaintiff has attempted to raise this basic claim in several variations, all of which have been dismissed. See supra. Plaintiff should not be granted an additional opportunity to pursue a claim that has repeatedly been dismissed by this Court.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant Overton [ECF No. 15] be granted. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond

thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

       /s/ Susan Paradise Baxter  
       SUSAN PARADISE BAXTER  
       United States Magistrate Judge

Dated:  October 21, 2014